IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Crim No.: 3:06-cr-123 |
| -vs- | ) | |
| | ) | **ORDER DENYING PETITION** |
| Jon Pierre DuBord, | ) | **FOR HARDSHIP RELOCATION** |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Jon Pierre DuBord's (hereafter "DuBord") Petition seeking his relocation on the basis of hardship. (Doc. 19). DuBord asserts that when the Bureau of Prisons (hereafter "BOP") FCI Waseca, Minnesota was converted into a female facility that he was transferred to FCI Forrest City, in Arkansas. Id. He further states that Forrest City, Arkansas is more than 1000 miles from his family's place of permanent residence; that his son is incarcerated in Sandstone, Minnesota; that there is no "separation order"; and that it is an undue hardship to his family for him to be serving his time in Arkansas and in a facility separate from his son. Id.

At the outset it should be noted that the Petition fails to show what steps that DuBord has taken to address the problem with the BOP and fails to state a basis for the Court's jurisdiction in this matter.

It is well-settled that the Constitution provides no basis for attacking the assignment of an inmate to a particular institution or even to serve a sentence in a particular state. See, Olim v. Wakinekona, 461 U.S. 238, 245; 103 S.Ct 1741; 75 L.Ed.2d 813 (1983)(just as inmate has no justifiable expectation that he will be incarcerated in any particular prison within a state, he has

1

no justifiable expectation that he will be incarcerated within any particular state).

It is equally clear that Congress intends that the BOP has control over the place of imprisonment. 18 U.S.C. § 3621(b). 18 U.S.C. section 3621(b) provides:

> (b) Place of Imprisonment. - The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -
>
> > (1) the resources of the facility contemplated;
> > (2) the nature and circumstances of the offense;
> > (3) the history and characteristics of the prisoner;
> > (4) any statement by the court that imposed the sentence -
> >
> > > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

18 U.S.C. § 3621(b).

As a general principle Courts have recognized that the BOP has the power to determine placement and held that "the sentencing court has no authority to order that a convicted

Defendant be confined in a particular facility . . ." United States V. Williams, 65 F. 3d 301 (2nd Cir. 1995); See, Levine v. Apker, 455 F. 3d 71, 83 (2nd Cir. 2006); Thye v. United States, 109 F.3d 127, 130 (3d Cir. 1997); United States v. Johnson, 223 F.3d 665, 672 (7th Cir. 2000); Downey v. Crabtree, 100 F.3d 662 (9th Cir. 1996); United States v. Burzynski, 208 F.3d 227 (10th Cir. 2000); Egan v. Hawk, 983 F.Supp. 858 (D. Minn. 1997).

The power of the BOP to place an inmate is not, however, absolute. See, Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992)(prison officials do not have discretion to transfer an inmate to punish him for exercising his first amendment rights).  As a general principle the question of assignment to a particular institution is left to the discretion of the prison officials unless the underlying reason is itself unconstitutional.  Olim, 461 U.S. at 248, n. 9; Murphy v. Mo. Dept. of Corrections, 769 F.2d 502 (8th Cir. 1985).

In reviewing the petition that has been filed with the Court it is apparent that DuBord has not asserted that his transfer was unconstitutional.  Nor has he asserted that the Federal Bureau of Prisons has abused its discretion in assigning him to FCI Forrest City.  While *pro se* pleadings are entitled to be liberally construed, the Court is not at liberty to speculate as to what the facts may be or create a legal theory that might provide relief.  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

The Petition in this case is simply inadequate to sufficiently frame any issues that might actually exist in this case.  All that is before the Court is a request that the Court order the BOP to do something that is entirely outside the scope of ordinary judicial authority.  There is no showing that the BOP has abused its discretion or acted in an unconstitutional manner.  The

Petition is entirely devoid of factual allegations that would allow the Court to determine whether or not there is any legitimate basis for the relief sought.  Under these circumstances the Petition must fail.

As this dismissal is essentially for a failure to state a recognizable claim, the Petition is DISMISSED WITHOUT PREJUDICE.

**IT IS HEREBY ORDERED** that the Petition is **DISMISSED WITHOUT PREJUDICE**.

Dated this 30th Day of December 2008.

   /s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court